IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| In re Bausch & Lomb Inc. Contacts Lens Solution Products Liability Litigation | ) ) ) ) | MDL No. 1785 |
| *This order relates to:* | ) ) | C/A No. 2:06-MN-77777-DCN |
| Case No. 2:06-CV-03272-DCN | ) ) | |
| Rudolph V. Declet-Flores, et. al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Bausch & Lomb Inc., | ) ) | |
| Defendant. | ) ) | **ORDER** |
| Case No. 2:06-CV-03273-DCN | ) ) | |
| Eva I. Garcia, et. al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Bausch & Lomb Inc., | ) ) | |
| Defendant. | ) ) ) | |

This matter is currently before the court on defendant's motion for summary judgment on all claims and causes of action asserted by non-*Fusarium* plaintiffs. On February 17, 2010, the court granted this motion in part, resolving most of the non-*Fusarium* cases. In that order, the court held several cases under advisement, including the cases cited above. These plaintiffs, through attorney John Mudd, requested a

continuance of the hearing on defendant's motion to accommodate Mr. Mudd's schedule, as well as a Puerto Rican religious holiday. Because these plaintiffs expressed a desire to participate in oral argument on this matter, the court held defendant's motion as to these plaintiffs under advisement and instructed Mr. Mudd to contact the court to either schedule a hearing or withdraw his request for argument. On February 22, 2010, Mr. Mudd sent an e-mail advising the court that oral argument would not be necessary. Therefore, defendant's motion for summary judgment as to plaintiffs Rudolph Declet-Flores, et. al. (06-3272) and Eva I. Garcia, et. al. (06-3273) is now ready for ruling.

In its February 17, 2010 order, the court noted that plaintiffs would be required to prove that defendant's Renu with MoistureLoc caused the eye infections they experienced. Order at 3. As the court observed, causation can be divided into general causation and specific causation, with proof of general causation being a prerequisite to proving specific causation. Id. at 3-4. Because the court had previously excluded the testimony of Dr. Elisabeth Cohen, plaintiffs' only general causation expert, the court ruled that most non-*Fusarium* plaintiffs' claims could not survive and granted defendant's motion as to those non-*Fusarium* plaintiffs. Id. at 4-5.

The court has thoroughly reviewed defendant's and plaintiffs' written submissions on this motion. The court sees no distinguishing factors in these cases that would lead to a different result here than the court reached in its February 17, 2010 order. In their response to defendant's summary judgment motion, plaintiffs advance several arguments in opposition, including that Puerto Rican law does not require evidence of general causation, that plaintiffs do not need expert testimony, that they can use a

differential diagnosis to prove causation, and that they still have a valid failure to warn claim. The court addressed these arguments in its February 17, 2010 order. Specifically, regarding differential diagnoses, the court observed,

> Plaintiffs also argue that, the exclusion of their general causation expert notwithstanding, individual plaintiffs may be able to prove causation through physicians' differential diagnoses. "A differential diagnosis, which courts have recognized as a reliable methodology when conducted properly, 'is a standard scientific technique of identifying the cause of a medical problem by eliminating the likely causes until the most probable one is isolated.'" Foster v. Legal Sea Foods, Inc., 2008 WL 2945561, at *10 (D. Md. 2008) (quoting Westberry v. Gislaved Gummi AB, 178 F.3d 257, 262 (4th Cir. 1999)). "To be reliable, a differential diagnosis must first 'rule in' a plaintiff's proposed cause and then 'rule out' alternative causes." Id. (citing Westberry, 178 F.3d at 263). "'Ruling in' a cause, also known as proving 'general causation', 'is established by demonstrating that exposure to a substance can cause a particular disease.'" Id. (quoting Doe v. Ortho-Clinical Diagnostics, Inc., 440 F. Supp. 2d 465, 471 (M.D.N.C. 2006)). "To complete a differential diagnosis, an expert must then 'rule out' alternative causes, which means opining as to 'specific or individual causation' by 'demonstrating that a given exposure is the cause of a particular individual's disease.'" Id. (citation omitted). "As a general rule, '*it is not appropriate to rely on a differential diagnosis to prove general causation*,' but establishing general causation is an essential prerequisite to proving specific causation."[4] Id. (emphasis added) (citation omitted).
>
>> FN4: Plaintiffs cite Westberry in support of their argument that a differential diagnosis can be used to show general causation. Their reliance is misplaced because Westberry did not involve a prior Daubert ruling by the court that there was no reliable general causation evidence. In fact, the Westberry court apparently found evidence of general causation, as it noted that the defendant had admitted in its Material Safety Data Sheet that inhalation of talc dust caused sinus irritation. Westberry, 178 F.3d at 264.
>
> Even where differential diagnosis opinions are permitted regarding specific causation, such evidence satisfies the Daubert standard only if general causation has already been established. See, e.g., McClain v. Metabolife Int'l, Inc., 401 F.3d 1233, 1253 (11th Cir. 2005) (noting that differential diagnosis satisfies Daubert only if expert can show general toxicity of drug by reliable methods); Norris v. Baxter Healthcare Corp., 397

3

F.3d 878, 885 (10th Cir. 2005) (holding that plaintiffs' "reliance on differential diagnosis without supporting epidemiological evidence is misplaced"); Hall v. Baxter Healthcare Corp., 947 F. Supp. 1387, 1413 (D. Or. 1996) (holding that differential diagnosis cannot establish general causation because the method "*assumes* that general causation has been proven"). Thus, to allow plaintiffs to rely on differential diagnoses to establish causation would amount to allowing an impermissible end-run around the general causation requirement.

Order at 5-6. Regarding plaintiffs' other arguments, the court addressed those as follows when discussing the same arguments made by similarly situated Puerto Rico plaintiffs:

**Plaintiff Enery Fernandez Pinero, et. al. (06-2702)**

These Puerto Rico plaintiffs argue that Puerto Rico law does not recognize general causation, that Puerto Rico law does not always require expert testimony to prove causation, and that they have stated a valid failure to warn cause of action. As to the first argument, general causation as a prerequisite to specific causation appears to be a universally accepted concept, and the court has found no Puerto Rico case that holds otherwise. Plaintiffs contend that Puerto Rico v. M/V Emily S., 158 F.R.D. 9 (D.P.R. 1994), stands for the proposition that Puerto Rico courts have rejected the concept of general causation. Their argument misconstrues the holding of the case. The M/V Emily S. court refused to certify the putative class in that case because it rejected the plaintiffs' argument that causation could be established on a class-wide basis. Id. at 15. As the court noted,

> The relevant question, therefore, is not whether Agent Orange has the capacity to cause harm, the generic causation issue, but whether it did cause harm and to whom. That determination is highly individualistic, and depends upon the characteristics of individual plaintiffs (e.g., state of health, lifestyle) and the nature of their exposure to Agent Orange.

Id. (quoting In re Agent Orange Prod. Liab. Litig., 818 F.2d 145, 165 (2d Cir. 1987)). Thus, while these plaintiffs have submitted affidavits from doctors attesting to the possible link between MoistureLoc and non-*Fusarium* infections, this general causation issue has already been decided in the order rejecting Dr. Cohen's testimony.

Regarding expert testimony, to prove causation Puerto Rico law requires an expert's opinion when "the matter is sufficiently beyond common experience." Collazo-Santiago v. Toyota Motor Corp., 937 F. Supp. 134,

4

140 (D.P.R. 1996). As the Daubert hearing revealed, this case involves complex medical causation questions involving ophthalmology, microbiology, as well as other scientific specialties that are outside the realm of "common experience." Therefore, expert testimony is required under Puerto Rico law.

Plaintiffs also assert they have stated a valid failure to warn cause of action. However, causation is a required element in every product liability case. As the Supreme Court of Puerto Rico has noted, a strict liability cause of action requires proof of both product defect and causation, and a manufacturer's failure to warn is a type of product defect. Rivera Santana v. Superior Pkg., Inc., 132 D.P.R. 115, 126-28 (P.R. 1992). Thus, plaintiffs' failure to warn claim fails.

Order at 7-8. For the foregoing reasons, as well as the reasons stated in the court's February 17, 2010 order, defendant's motion for summary judgment is **GRANTED** as to plaintiffs Rudolph Declet-Flores, et. al. (06-3272) and Eva I. Garcia, et. al. (06-3273).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**April 26, 2010
Charleston, South Carolina**